## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOIS M. FELDER, ) | |
| ) | |
| Plaintiff, ) | Case No. CIV-15- 860-HE |
| ) | |
| v. ) | Jury Trial Demanded |
| ) | Attorney Lien Claimed |
| EAGLE RIDGE INSTITUTE, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF,** and for her cause of action against Defendant, states as follows:

### PARTIES

1. The Plaintiff is Lois Felder, an adult African American female residing in Oklahoma County, Oklahoma, which is located in the Western District of Oklahoma.

2. The Defendant is Eagle Ridge Institute (hereinafter "Defendant"), an entity who conducts business in the Western District of Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's action is for race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, and the Oklahoma Anti-Discrimination Act (OADA) and age discrimination in violation of the Age Discrimination in Employment Act (ADEA) and the OADA.  Plaintiff also asserts a claim for gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Oklahoma Anti-Discrimination Act (OADA) Jurisdiction over the federal claims is vested pursuant to 42 U.S.C. § 2000e-5(f), 29 U.S.C. 626(c) and 28 U.S.C. §1331.  The state law claims arise out of the same core facts, and jurisdiction over them is granted by 28 U.S.C. §1367(c).

4. All of the actions complained of occurred in Oklahoma County, Oklahoma, and the

Defendant may be served in that county. Oklahoma County is located within the Western District of the United States District Court of Oklahoma, and venue is proper in this Court under U.S.C. §2000e-5(f)(3) and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Defendant has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and is a covered employer under Title VII and the ADEA. There is no minimum employee requirement under 42 U.S.C. § 1981, or for race and age discrimination under the OADA.

6. Plaintiff was employed by Defendant from around November 1992 until December 12, 2014.

7. At the time of her termination, Plaintiff, an African American female, was eighty-one (81) years of age.

8. At the time of her termination, Plaintiff held the position of Director of the Eagle Wings program.

9. Plaintiff was qualified for her job and performed her job duties satisfactorily.

10. Around October 2014, Michael Hanes, a Caucasian male, became the Defendant's Chief Executive Officer.

11. Following Mr. Hanes' arrival, Defendant began to target African American employees over the age of sixty (60) for demotion and termination.

12. Upon information and belief, Defendant has replaced the older African American employees with younger and less experienced employees.

13. Around November 2014, Mr. Hanes began to make comments about how Plaintiff and other older African American female employees were not "team players".

14. Around December 5, 2014, Mr. Hanes removed Plaintiff's supervisory responsibility over Building, Grounds, Safety and Transportation.

15. Mr. Hanes assigned Plaintiff's former job duties to Paul Hunt, a much younger and less experienced male.

16. Around December 5, 2014, Plaintiff complained to Mr. Hanes about the removal of her supervisory job duties. Mr. Hanes claimed the Board had made the decision to demote the Plaintiff.

17. Plaintiff was terminated on or about December 12, 2014 by Michael Hanes.

18. Despite Plaintiff's request for a reason for her termination, Mr. Hanes refused to provide her one.

19. The Defendant has subsequently claimed that the termination decision was made by the Board of Directors. Such reason is false and pre-textual, as Plaintiff spoke with Bruce Holmes (Chairman of the Board) around December 15, 2015, who had no knowledge of any decision being made to demote and/or terminate the Plaintiff.

20. Plaintiff's position continued to exist and was filled by a significantly younger and less experienced male.

21. The reasons for Plaintiff's termination were her race (African American) and age (over forty years old).

22. Motivating factors in the decisions to demote and to thereafter terminate the Plaintiff were Plaintiff's race, gender, age, or the combination of race, gender, and age. At the least, these factors were part of a group of mixed motives for such decision such that Plaintiff is entitled to protection under the mixed motive doctrine and significant factor doctrines for Plaintiff's state claims, gender and gender-plus claims.

23. As a direct result of Defendant's actions, Plaintiff has suffered, and continues to suffer, lost wages (including back, present and front pay and the value of benefits associated with such wages) and dignitary harms including sadness, anxiety, concern about finances, frustration, worry, and similar unpleasant conditions.

24. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge

of discrimination on December 29, 2014, which was then amended on February 6, 2015. The EEOC issued Plaintiff's right-to-sue letter on June 23, 2015, and Plaintiff received such letter thereafter. This complaint is timely filed within ninety (90) days of Plaintiff's receipt of her right-to-sue letter.

## COUNT I

For Plaintiff's first cause of action, she incorporates the allegations above and further provides that:

25. Discrimination on the basis of race violates Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.
26. Under this Count, Plaintiff is entitled to compensation for her lost earnings, past, present, and future (including value of benefits associated with such earnings), dignitary and emotional distress damages, and attorney fees and costs.
27. Under the Oklahoma Anti-Discrimination Act (OADA) Plaintiff may recover liquidated damages
28. Because the actions of the Defendant were willful and malicious, or, at the least, in reckless disregard of Plaintiff's federally and state protected rights, Plaintiff is entitled to an award of punitive damages as allowed under federal law.

## COUNT II

For Plaintiff's second cause of action, she incorporates the allegations above and further provides that:

29. Discrimination (including termination) on the basis of age is a violation of the Age Discrimination in Employment Act.
30. Under the ADEA, Plaintiff may recover her lost wages, past, present, and future as well as the cost of her benefits.
31. Because the actions of the Defendant were either in willful violation of Plaintiff's state and federally protected rights, or in reckless disregard of such rights, Plaintiff

is entitled to an award of liquidated damages.

## COUNT III

For Plaintiff's third cause of action, she incorporates the allegations above and further provides that:

32. Discrimination on the basis of Plaintiff's gender, age, and/or gender-plus age is contrary to Title VII of the Civil Rights Act, the ADEA and the OADA.

33. At the least, Plaintiff's gender plus her age was a motivating or determinative factor in the decision to terminate her.

34. As the direct result of such discharge, Plaintiff has suffered lost wages (past, present and future) and other harms, including dignitary harms.

35. Under Title VII, Plaintiff may recover all of the damages aforementioned.

36. Under the ADEA, Plaintiff may recover her lost wages (past, present and future including bonuses) together with liquidated damages in an amount equal to the wages accrued through the time of trial.

37. Because the Defendant's action was willful, malicious, or, at the least, in reckless disregard of Plaintiff's right to collect her wages, Plaintiff is entitled to an award of punitive damages under Title VII, subject to the caps provided by that statute, punitive damages under the OADA, subject to the caps set by state law, and/or liquidated damages under the ADEA as described above.

**WHEREFORE**, Plaintiff prays that she be awarded judgment against Defendant and that the Court order all relief as may be appropriate, including, but not limited to, actual damages, punitive damages, liquidated damages, costs, fees, and such equitable relief as appropriate.

**RESPECTFULLY SUBMITTED THIS 6th DAY OF AUGUST, 2015.**

s/ Christine Coleman Vizcaino
Mark Hammons, OBA No. 3784
Christine Coleman Vizcaino, OBA No. 30527
HAMMONS, GOWENS, HURST
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: christine@hammonslaw.com
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED
*Counsel for Plaintiff*
